IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ANGELO McCLEARY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-757-W |
| OKLAHOMA COUNTY, et al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation(s) of his constitutional rights. Pursuant to an order entered by United States District Judge Lee R. West, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). By an order dated July 23, 2014, the undersigned found that the Plaintiff had neither paid the $400.00 filing nor submitted a Motion to Proceed *In Forma Pauperis.* The Order directed Plaintiff to cure these deficiencies on or before August 13, 2014. Plaintiff was further advised that failure to comply with the Order could result in dismissal of his action. *See* ECF No. 5.

A review of the court file reveals that the deadline to comply passed without Plaintiff curing the deficiencies, showing good cause for his failure to do so, or requesting an extension of time to comply with the Court's order. In fact, Plaintiff has not responded to the Court's order, ECF No. 5, in any way. However, on August 5,

2014, Plaintiff filed a Motion for Order, ECF No. 8, entitled "Motion to Show Cause, Assign investigator(s), Legal Counsel, necessary hearings Etc…". The undersigned finds that Plaintiff's failure to comply with the Court's Order, in light of the Court's right and responsibility to manage its cases, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (*sua sponte* dismissal for failure to comply with Court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing actions without prejudice for failure to comply).

Additionally, a search of the Court's Case Management/Electronic Case Filing system reveals the Plaintiff has previously filed three or more civil actions that were dismissed for failure to state a claim for relief and/or as frivolous. Title 28 U.S.C. § 1915(g), the so-called three-strikes provision of the *in forma pauperis* statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not bar a "three-strikes" prisoner from filing civil actions, but it does eliminate the privilege of proceeding *in forma pauperis* unless the prisoner can support the application of the imminent-danger exception. A prisoner with three-strikes may, in any event, proceed in civil actions or appeals by prepaying the filing fee. See *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility,* 175 F.3d 775, 778 (10th Cir. 1999).

Taking judicial notice of the Court's records, Plaintiff has previously been denied the privilege of proceeding *in forma pauperis* in civil actions filed in this Court based upon the finding that Plaintiff had, at that time, previously filed three or more civil actions that were dismissed for failure to state a claim for relief and/or as frivolous: *McCleary v. Amy Ryan, et al.*, Case No. CIV-08-626-W (Aug. 5, 2008) (West, D.J.); *McCleary v. Dr. B. Meyer, et al.*, Case No. CIV-07-816-W (Apr. 1, 2008) (West, D.J.); and *McCleary v. State*, et al., Case No. CIV-01-210-W (Sept. 10, 2001) (West, D.J.).

The Court's records clearly demonstrate that the Plaintiff has "three strikes" and that the provisions of 28 U.S.C. § 1915(g) bar him from proceeding *in forma pauperis*. Further, the Complaint reveals nothing that would demonstrate that the imminent danger of serious physical injury exception applies. Accordingly, the only way to cure Plaintiff's failure to comply with the Court's previous orders is to pay the full filing fee of $400.00 within twenty (20) days from the date of any order adopting this Report and Recommendation.

## RECOMMENDATION

It is therefore recommended that this action be dismissed without prejudice to re-filing unless Plaintiff pays the $400.00 filing fee in full to the Clerk of the Court within twenty (20) days of any order adopting this Report and Recommendation. Further, the undersigned recommends that the Plaintiff's Motion for Order, **ECF No. 8**, be **DENIED** as **MOOT**. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **September 25, 2014**, in accordance with

28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on September 8, 2014

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE