IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELO McCLEARY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. CIV-14-757-W<br>) |
| OKLAHOMA COUNTY et al. | )<br>) |
| Defendants. | ) |

## ORDER

On September 8, 2014, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that this matter be dismissed without prejudice unless plaintiff Angelo McCleary paid the filing fee of $400.00 in full. McCleary, who is proceeding pro se, was advised of his right to object, see Doc. 9 at 3-4, and while McCleary has not filed an objection to the Report and Recommendation within the allotted time, he has filed two motions, a Motion to Proceed in Forma Pauperis [Doc. 10] and a Motion for a Change of Venue [Doc. 11]. Also pending is a Motion to Show Cause, Assign Investigator(s), Legal Counsel, Necessary Hearings Etc. [Doc. 8] filed by McCleary.

Upon review of the record, the Court concurs with Magistrate Judge Erwin's suggestion that McCleary should be required to pay the filing fee in full to the Clerk of the Court. Title 28, section 1915(g) of the United States Code[1] prevents McCleary from

---

[1] Section 1915(g) is "the 'three strikes' provision of the in forma pauperis statute, as amended by the Prison Litigation Reform Act of 1995." Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 778 (10th Cir. 1999). It provides in pertinent part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . in any facility, brought an

proceeding in forma pauperis in this matter in the absence of any credible allegations in McCleary's pleading that he "is under imminent danger of serious physical injury."[2] 28 U.S.C. § 1915(g); e.g., Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 778 (10th Cir. 1999).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 9] issued on September 8, 2014;

(2) DENIES McCleary's Motion to Show Cause, Assign Investigator(s), Legal Counsel, Necessary Hearings Etc. [Doc. 8] file-stamped August 5, 2014;

(3) DENIES McCleary's Motion to Proceed in Forma Pauperis [Doc. 10] file-stamped September 18, 2014;

(4) DENIES McCleary's Motion for a Change of Venue [Doc. 11] also file-stamped September 18, 2014;

---

action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "'This provision requires so-called "frequent filer" prisoners to prepay the entire filing fee before federal courts may consider their civil actions . . . .'" Jennings, 175 F.3d at 778 (quoting White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)).

[2]McCleary has alleged: "I was threatened several times by D.O.C. personnel to cease and d[e]sist or I would never get out of prison alive. My life was threaten[ed] on several different occasions." Doc. 1 at 9, Part D, ¶ (2). General allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient, e.g., Fuller v. Wilcox, 288 Fed. Appx. 509, 511 (10th Cir. 2008)(cited pursuant to Tenth Cir. R. 32.1), and McCleary has not substantiated these alleged threats by reference to date or a particular prison official. E.g., Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001)(plaintiff must raise specific or credible allegations of "imminent danger of serious physical harm"); White, 157 F.3d at 1231 (allegations of "imminent danger" must not be vague and utterly conclusory).

2

(5) ORDERS McCleary to pay the filing fee of $400.00 in full to the Clerk of the Court on or before October 21, 2014, or show good cause in writing by that date for his failure to do so; and

(6) ADVISES McCleary that if the filing fee is not paid in full by the designated date or good cause has not been shown by that date that this matter will be dismissed without prejudice.

ENTERED this 30th day of September, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE